UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 19-cv-10116-LTS

| | |
|---|---|
| **LUIS ANGEL RODRIGUEZ,**<br><br>           **Plaintiff,**<br>v.<br><br>**BOSTON PUBLIC SCHOOLS and**<br>**SHAUN O. HARRISON, individually and**<br>**in his official capacity,**<br><br>           **Defendants.** | |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 AND RULE 26(f)

Plaintiff Luis Angel Rodriguez (the "Plaintiff") and defendant City of Boston (the "City") conferred pursuant to Fed. R. Civ. P. 26(f)(1) and Local Rule 16.1(b) and respectfully submit the following proposed joint statement in accordance with Local Rule 16.1(d) and this Court's Notice of Scheduling Conference dated July 30, 2019 (the "Order"):

**I.      AGENDA OF MATTERS TO BE DISCUSSED**

Pursuant to paragraph 1 of the Court's Order, the agenda required by Local Rule 16.1(b)(1) has been omitted.

**II.     RECOMMENDATION REGARDING RULE 16 CONFERENCE**

The parties do not believe that this case presents complex or unique issues regarding scheduling or discovery. As a result, pursuant to paragraph 6 of the Court's Order, the parties recommend that the Court cancel the Rule 16 Conference and adopt the parties' Joint Statement.

**III.    TIMETABLE FOR DISCOVERY AND MOTION PRACTICE**

   **1. Initial Disclosures:** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by **September 24, 2019**.

2. **Amendments to Pleadings**: Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **May 1, 2020**.

3. **Fact Discovery – Interim Deadlines**

    a. Requests for production of documents and interrogatories must be served by **December 2, 2019**.

    b. Requests for admission must be served by **February 3, 2020**.

    c. All depositions, other than expert depositions, must be completed by **April 3, 2020**.

    d. **Final Fact Discovery Deadline** - All discovery, other than expert discovery, must be completed by **April 3**, **2020.**

4. **Status Conference:** Pursuant to the Court's order, the Court will set the date of the post-discovery status conference.

5. **Expert Discovery (if necessary)**

    a. Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2), must be disclosed by **May 5, 2020**.

    b. Plaintiff's trial experts must be deposed by **June 5, 2020**.

    c. Defendants' trial experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by **June 5, 2020**.

    d. Defendants' trial experts must be deposed by **July 10, 2020**.

6. **Dispositive Motions**

    a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings must be filed

by **August 14, 2020** with any opposition to be filed by **September 14, 2020.**

7. **Initial Pretrial Conference.** Pursuant to the Court's order, the Court will set the date of the initial pretrial conference. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five business days prior to the date of the conference.

## IV.   SCOPE OF DISCOVERY

The parties do not expect discovery to be extensive, and expect to complete all discovery within the limits of Fed. R. Civ. P. 26(b) and Local Rule 26.1(c). The parties do not believe that phased discovery is necessary in this case. At this early stage of the litigation, the parties do not anticipate the need for a protective order.

The parties have discussed the discovery of ESI and the limitations imposed by Rule 26(b)(2)(B). The parties agree that ESI may be produced in hard copy unless electronic copies are specifically requested. The parties are aware of and have taken steps to comply with their obligations concerning preservation of documents, including ESI

## V.   PENDING MOTIONS

There are currently no motions pending before the Court.

## VI.   TRIAL

The parties have demanded a trial by jury and do not consent to a trial by magistrate.

## VII.   ALTERNATIVE DISPUTE RESOLUTION

The parties have discussed the possibility of alternative dispute resolution but have no agreement to do so. The parties do not believe that ADR would be fruitful at this stage of the litigation.

## VIII. SETTLEMENT PROPOSALS

Plaintiff has yet to make a written settlement proposal under Local Rule 16.1(c).

## IX. CERTIFICATIONS

Local Rule 16.1(d)(3) certifications will be filed by each of the parties separately.

Dated:  September 3, 2019

**LUIS ANGEL RODRIGUEZ**,
By his attorneys,

Respectfully submitted,

**CITY OF BOSTON**
By its attorneys:

Eugene L. O'Flaherty
Corporation Counsel

/s/ Lisa A. McNaughton
Simon B. Mann (BBO#665301)
Lisa A. McNaughton (BBO#699545)
**MANN LAW FIRM, P.C.**
200 Highland Avenue, Suite 300
Needham, MA 02494
(617) 690-7370
simon@sbmannlaw.com
lisa@sbmannlaw.com

/s/ Edward F. Whitesell, Jr.
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
Edward F. Whitesell, Jr. (BBO#644331)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039 (NMO)
(617) 635-4045 (EFW)
Nicole.OConnor@boston.gov
Edward.Whitesell@boston.gov

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that a true copy of the above document will be served upon all parties of record via this court's electronic filing system and to those non-registered participants via first class mail.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.