UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-cv-10116-LTS

| | |
|---|---|
| LUIS ANGEL RODRIGUEZ,<br><br>                Plaintiff,<br>v.<br><br>BOSTON PUBLIC SCHOOLS and SHAUN O. HARRISON, individually and in his official capacity,<br><br>                Defendants. | |

## BOSTON PUBLIC SCHOOLS'S MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(a)(c), defendant Boston Public Schools ("BPS") hereby moves this Honorable Court for a protective order covering certain confidential information to be produced in discovery in the above-captioned case on substantially similar terms to those set forth in the proposed Protective Order attached hereto as **Exhibit A**. In preparing initial disclosures and responses to plaintiff Luis Angel Rodriguez's ("Plaintiff") discovery requests, it became apparent that much of the discoverable information related to Plaintiff's sole remaining claim against BPS for deliberate indifference under 42 U.S.C. § 1983 involves confidential personnel files and disciplinary information for BPS employees, as well as confidential documents related to internal BPS investigations into the actions of those employees. Given the sensitive and confidential nature of this information and the high profile of this case, there is good cause for a protective order limiting the use of this information. BPS does not seek to limit the production of this information to Plaintiff, but rather prevent its public electronic filing and any further dissemination by Plaintiff after it has been produced. In support of its motion, BPS states as follows:

1. Plaintiff initially asserted six state law claims against BPS, and later amended his complaint to assert two additional federal claims against BPS under 42 U.S.C § 1983 and Title IX. After briefing and argument, the Court issued an order on July 29, 2019 [ECF No. 21] dismissing all claims against BPS except for the § 1983 claim, which it allowed to proceed under *Monell* on theory of deliberate indifference.

2. On September 23, 2019, in anticipation of serving initial disclosures, former Senior Assistant Corporation Counsel Nicole O'Connor sent a draft protective order to Plaintiff's counsel and asked for approval to file the motion for Court approval of the protective order as a joint motion. There was no response from Plaintiff's counsel.

3. On September 24, 2019, SACC O'Connor served BPS' Initial Disclosures. In the cover letter, Attorney O'Connor indicated that BPS would supplement the Initial Disclosures once the Court had ruled on a protective order, and in the body of the Initial Disclosures, identified Mr. Harrison's personnel file and an internal investigation into Mr. Harrison's employment history as documents that would be produced after a ruling from the Court on a protective order.

4. On October 8, 2019, SACC O'Connor again followed up regarding whether Plaintiff's counsel had any thoughts on the draft protective order and whether Plaintiff would be willing to join in or assent to the motion. There was no response.

5. After the parties exchanged written discovery requests in December 2019, the parties agreed to an extension of time to complete discovery. During discussions regarding this extension of time, SACC O'Connor again raised the issue of the draft protective order on March 10, 2020, indicating that BPS would like to have an order in place prior to exchanging documents and requesting any edits or a response indicating that Plaintiff would not join in the

motion. While the parties reached agreement on extending the discovery deadline, there was no response from Plaintiff's counsel regarding the protective order.

6. On May 6, 2020, undersigned counsel for BPS again inquired as to whether Plaintiff would be willing to assent or join in the motion for a protective order during a series of email correspondence regarding settlement and BPS' responses to written discovery. After a second request on May 14, 2020, Plaintiff's counsel finally stated that Plaintiff would not assent to a joint motion for a protective order.

7. This case involves a shooting incident between a BPS employee and a BPS student. Plaintiff's deliberate indifference claim, and BPS' defenses thereto, necessarily implicate confidential personnel that is protected by state and federal law. BPS employees, like all employees in the Commonwealth, maintain a general right to privacy under M.G.L. c. 214, §1B. More specifically, Mr. Harrison's personnel records and the personnel records of other employees that applied for his position at Boston English as internal candidates are excluded from the definition of "public records" under M.G.L. c. 4, § 7(26)(c), and "the disclosure of [such documents] may constitute an unwarranted invasion of personal privacy." The same holds true for documents related to BPS's investigation into Mr. Harrison's employment history, which by definition involves sensitive and confidential personnel records.

8. Plaintiff's requests also necessarily implicate confidential information related to CORI information and other background checks performed by BPS during the hiring process. A protective order is necessary to preserve the confidentiality of this information.

9. BPS' proposed order is narrowly-tailored. It seeks only to protect information from current and former employee personnel files, including that of Mr. Harrison, from public electronic filings and further dissemination by Plaintiff. BPS does not claim a privilege on

behalf of these individuals, but rather seeks a limited order to prevent documents that would not otherwise be public records from becoming public. *See*, *e.g.*, *Green v. Fulton*, 157 F.R.D. 136, 140 (D. Me. 1994)(denying blanket privilege claim but holding that "[t]he confidentiality that this nondisclosure statute has created for the defendants' personnel records—protection from public inspection—can be maintained through the issuance of a protective order."). "Courts also find that protective orders can adequately safeguard the private information contained in personnel files." *Diaz-Garcia v. Surillo-Ruiz*, 45 F. Supp. 3d 163, 168 (D.P.R. 2014) (collecting cases from other District Courts); *cf. Waugh v. BJ's Wholesale Club, Inc.*, 2014 WL 458203, at *5 (D. Mass. Feb. 3, 2014) (in employment dispute, relevant employment records of past and current employees ordered produced but with names and personal identifiers redacted).

10. These documents, while discoverable, remain confidential and should be limited to use by the parties and their counsel in connection with the litigation as outlined in the proposed protective order. Given the high-profile nature of this civil case (which has already received some press coverage and reproduction of publicly-filed pleadings and briefs), and the media coverage given to the related criminal case, a protective order is necessary to preserve the confidentiality of this specific information.

11. There is no prejudice to Plaintiff in allowing the motion, as he will be able to use the information in preparing his case and at the trial of this matter. There is no legitimate purpose for use of the confidential information outside of the litigation.

**WHEREFORE**, BPS respectfully requests that this Honorable Court grant its motion, issue a protective order substantially in the form of the one attached hereto as Exhibit A, and grant such other and further relief as it deems just and proper.

Respectfully submitted:

Dated:  May 28, 2020

**BOSTON PUBLIC SCHOOLS**

By its attorney:

Eugene L. O'Flaherty
Corporation Counsel


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
 (617) 635-4045 (EFW)
Edward.Whitesell@boston.gov


**Rule 26(c) and Local Rule 7.1 Certification**

I, Edward F. Whitesell, Jr., hereby certify that counsel for the Boston Public Schools conferred with counsel for Plaintiff by email on several occasions, in an attempt to resolve or narrow the issues presented by this motion, and Plaintiff expressly refused to join or assent to this motion for a protective order on May 14, 2020.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.


**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that a true copy of the above document will be served upon all parties of record via this court's electronic filing system and to those non-registered participants via first class mail.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.