UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 19-cv-10116-LTS**

LUIS ANGEL RODRIGUEZ,

           Plaintiff,

v.

BOSTON PUBLIC SCHOOLS and SHAUN O. HARRISON, individually and in his official capacity,

           Defendants.

## PROTECTIVE ORDER

1. With respect to the documents produced through discovery, the party producing such documents may identify such documents as being Confidential Information. Documents containing such Confidential Information shall be clearly marked "CONFIDENTIAL."[1] Any party may challenge any other party's designation of a document as Confidential Information upon motion to the Court. Until the Court rules on such motion, the party challenging the designation shall treat it as Confidential Information as provided in this Protective Order.

2. For the purposes of this case, Confidential Information shall include information which is sensitive information generally unavailable to the public, not readily determinable from other sources, and treated as confidential by the parties by reasons of privacy rights. Confidential Information shall include, but is not limited to: CORI information, personnel and employment files, any and all medical records and/or medical bills, any records relating to any

---

[1] A party identifying a group of documents as Confidential Information need not mark each page within the group, but may instead make a collective designation by: (1) marking the initial page, including reference to the total number of pages to be identified thereby as Confidential Information; and, (2) describing the group of documents so identified. A party may also designate portions of documents as Confidential Information by producing such documents with redactions.

financial and/or medical history, and any records relating to disciplinary history.

3. As to the Confidential Information produced or revealed pursuant to Paragraphs 1 and 2, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

(i) The Court in camera, or under seal pursuant to the Court's granting of a Motion for Impoundment;

(ii) Attorneys of record for the parties, including all co-counsel for the plaintiffs and defendants, their investigators, consultants, independent contractors, witnesses, and employees directly assisting said attorneys of record and the parties;

(iii) Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence, and is to be used solely for the purpose of preparing for and presenting evidence in this litigation and further that these restrictions are imposed by a court order; and

(iv) Any neutral jointly engaged by the parties.

4. Each of the persons referred to in Paragraph 3(ii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

5. Each of the experts referred to in Paragraph 3(iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order,

and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of the Order.

6. The attorneys for the parties, their investigators, consultants, independent contractors, and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case.

7. Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during depositions; provided that, to the extent that the testimony given in any deposition or transcript thereof or any exhibits thereto incorporate, cite, or reveal the content of any document which has been marked as confidential, this testimony, transcript thereof, and/or any exhibits thereto shall be treated in the same manner as the Confidential Information itself and shall be subject to the restrictions on disclosure set forth in Paragraph 3 through 6.

8. Subject to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be available for use at trial by any party.  Should a party wish to use Confidential Information in motion practice, this party must move the court for permission to file said Confidential Information under seal in accordance with Local Rule 7.2.  Such a motion is not necessary if the Confidential Information will be completely redacted from the relevant filing.

9. The parties and their counsel specifically agree that any claim of privilege, confidentiality, or admissibility into evidence is not waived or otherwise compromised in any way by this Protective Order.

10. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal, or other disposition, the provisions hereof relating to the Confidential Information

shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts, and others, including stenographers, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall, upon written request of the producing party, be returned to the producing party or destroyed within 90 days of the written request.

11. This Order may be modified by further order of this Court upon application to the Court with notice.

_____
HON. LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS