UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS ANGEL RODRIGUEZ,<br><br>　　Plaintiff,<br><br>v.<br><br>BOSTON PUBLIC SCHOOLS and<br>SHAUN O. HARRISON, individually and<br>in his official capacity,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 19-10116-LTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTION TO APPOINT COUNSEL (DOC. NO. 92)

December 22, 2022

SOROKIN, J.

Luis Angel Rodriguez filed this lawsuit in January 2019, bringing claims against the Boston Public Schools ("BPS") and Shaun Harrison, a dean at the high school Rodriguez attended. Doc. No. 1. The lawsuit arose from an outrageous series of events that culminated in Harrison shooting Rodriguez in the head. Doc. No. 81 at 1-3. After Harrison, who is in prison, failed to answer the Complaint, the Clerk entered a Notice of Default against him on September 12, 2019. Doc. No. 30. Within a week of that notice, Harrison wrote to the Court's Deputy Clerk acknowledging receipt of the notice and stating that he was incarcerated and indigent, but requesting no relief and offering no response to Rodriguez's claims. Doc. No. 32.

The claims against BPS proceeded in the normal course. Some were dismissed on the pleadings, Doc. No. 21, and the rest were resolved in February 2022 when the Court allowed BPS's motion for summary judgment. Doc. No. 61. Rodriguez appealed the summary judgment decision, Doc. No. 66, and separately moved for entry of default judgment and an award of

damages with respect to his claims against Harrison, Doc. No. 69.  The certificate of service on this motion reflects Rodriguez sent a copy of the motion papers to Harrison via certified mail at the facility where he was incarcerated.  Id. at 4.  A few weeks after the motion for default judgment was docketed, the Court scheduled a hearing, and the docket reflects a copy of the hearing notice was mailed to Harrison on May 18, 2022.  Doc. Nos. 70, 71.  When Harrison made no submissions to the Court and BPS represented it would not participate in default judgment proceedings regarding Harrison, the Court permitted Rodriguez to supplement his motion with deposition transcripts in lieu of a live hearing.  Doc. No. 79.  Rodriguez promptly made such a submission.  Doc. No. 80.

On June 1, 2022, Rodriguez voluntarily terminated his appeal of the summary judgment ruling.  Doc. No. 75.  The Court allowed Rodriguez's motion for default judgment on August 5, 2022, entered judgment against Harrison in his individual capacity on all claims Rodriguez brought against him, and awarded damages totaling more than $10 million.  Doc. Nos. 81, 82.  The docket confirms that copies of the Court's Order and accompanying Judgment were mailed by the Clerk's Office to Harrison the same day they issued.  Doc. No. 83.  The Judgment concluded proceedings in this Court as to both defendants and all claims.

Two appeals followed.  Rodriguez appealed within days, challenging the Court's resolution of his claims against BPS.  Doc. No. 84.  That appeal (First Circuit case number 22-1622) remains pending.  In a letter postmarked September 12, 2022, that the First Circuit construed as a Notice of Appeal, Harrison expressed a desire to challenge the entry of default judgment and award of damages against him.  Doc. No. 87.  Harrison's appeal was dismissed as untimely after he failed to respond to an order to show cause entered by the First Circuit.  Doc. No. 90; see Doc. No. 91 (reflecting mandate issued as to that appeal on December 8, 2022).

On December 9, 2022, Harrison mailed to the First Circuit a motion seeking appointment of counsel in this matter.  Doc. No. 92.  According to the First Circuit's docket (case number 22-1712), Harrison filed a motion around the same time asking that Court to vacate its mandate and reopen his appeal—a request the Circuit has not yet resolved.  On December 21, 2022, the Court of Appeals' Clerk redirected the counsel motion to this Court, noting the caption reflected it was intended for this Court.  Doc. No. 92-1.

Parties in civil cases generally have no right, constitutional or otherwise, to appointed counsel.  <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  Though 28 U.S.C. § 1915(e) allows a district court to appoint a lawyer to represent "any person unable to afford counsel," Harrison has not established circumstances that would justify, in the Court's view, appointment of counsel at this time in this case.  He has neither sought nor been granted <u>in forma pauperis</u> status in this Court or the Court of Appeals.  When he asked the First Circuit to appoint counsel to represent him in his untimely appeal of this Court's entry of default judgment, the appellate docket reflects his request was denied because the Court of Appeals "conclude[d] that appointment [wa]s not warranted in this case."  Harrison's single-page request to this Court supplies no new facts or legal theories demonstrating that this case now features the sort of extraordinary circumstances that would justify appointment of counsel despite the First Circuit's recent determination to the contrary.

Accordingly, Harrison's Motion for Appointment of Counsel (Doc. No. 92) is DENIED.  The Clerk shall mail a copy of this Order to him.

                                    SO ORDERED.

                                     /s/ Leo T. Sorokin           
                                    United States District Judge