# United States Court of Appeals
## For the First Circuit

_____

No. 22-1622

LUIS ANGEL RODRIGUEZ,

Plaintiff - Appellant,

v.

BOSTON PUBLIC SCHOOLS; SHAUN O. HARRISON, individually and in his official capacity,

Defendants - Appellees.

_____

Before

Barron, Chief Judge,
Gelpí and Rikelman, Circuit Judges.

_____

**JUDGMENT**

Entered: October 15, 2024

  Plaintiff-Appellant Luis Angel Rodriguez appeals from the district court's grant of summary judgment to Defendant-Appellee Boston Public Schools ("BPS") on his 42 U.S.C. § 1983 claim. After careful review of the parties' briefs and the relevant portions of the record, we affirm. See Salmon v. Lang, 57 F.4th 296, 308 (1st Cir. 2022) (summary judgment standard and standard of review).

  A claim of municipal liability under § 1983 raises two distinct issues: 1) whether a constitutional violation caused the plaintiff's injury; and 2) if so, whether the municipality bears responsibility for that violation. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 25-26 (1st Cir. 2005). We assume without deciding that, as Rodriguez asserts, Defendant-Appellee Shaun O. Harrison's shooting of him constituted a violation of his substantive due process right to bodily integrity. We agree with the district court, however, that there are no genuine issues of material fact as to BPS's liability and, as a matter of law, Rodriguez has not shown that BPS bears responsibility for that constitutional violation. See Bannon v. Godin, 99 F.4th 63, 88 (1st Cir. 2024) (standard for municipal liability under § 1983). In reaching this conclusion, we take no position on BPS's

argument that Rodriguez's theories of municipal liability must fail because he has not identified any relevant action taken by a city policymaker.

Rodriguez first contends that BPS is liable for Harrison's constitutional violation because it inadequately disciplined him following two sets of misconduct allegations levied against him in late 2012. The record does not reasonably support a finding that BPS's response to the misconduct allegations exhibited the deliberate indifference to students' constitutional rights that is required for this type of claim. See Baez v. Town of Brookline, 44 F.4th 79, 83 (1st Cir. 2022) (standard for deliberate indifference for municipal liability). At the very least, there is no evidence that BPS's investigations into the allegations were a "sham," id. at 89, and BPS issued multiple, escalating sanctions to discipline Harrison for the allegations found to be substantiated. Although one could question in retrospect whether those sanctions were adequate, BPS's response does not suggest that it consciously disregarded Harrison's misconduct. Rodriguez's focus on what he views as BPS's failure to follow its own disciplinary policies ignores the significant discretion accorded to administrators to determine the seriousness of a given incident and the appropriate sanction.

Rodriguez also attempts to ground BPS's liability on its purported failure to sufficiently screen Harrison's background when he was hired at Boston English High School ("Boston English"). See Young, 404 F.3d at 30-31 (standard for inadequate screening claim). Had BPS officials reviewed Harrison's disciplinary record, they very well may have concluded that he was a poor candidate for the position at Boston English. But Harrison's disciplinary record would not have made "plainly obvious" that he would go on to violate a student's right to bodily integrity. Id. at 30 (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 412-13 (1997)). As a result, Rodriguez has not raised a triable case that BPS's failure to adequately screen Harrison's background amounted to deliberate indifference to his constitutional rights. See Brown, 520 U.S. at 411. The absence of a standard process for passing along a BPS employee's disciplinary record when he sought a position at a different in-district school does not suffice to establish deliberate indifference in this context, especially given that the record does not show that this procedural deficiency led to the hiring of other employees who went on to commit constitutional violations. See Young, 404 F.3d at 31.

Finally, Harrison has filed a brief that raises arguments seemingly contesting Rodriguez's substantive claims against him and challenging his Massachusetts state criminal convictions. These arguments are not properly before us. Harrison's cross-appeal from the district court's final judgment was dismissed for lack of diligent prosecution after he failed to respond to an order to show cause why his cross-appeal was not untimely. See Rodriguez v. Harrison, No. 22-1712 (1st Cir. Nov. 16, 2022). In the absence of a live cross-appeal from the district court's final judgment, Harrison cannot use Rodriguez's appeal to contest the default judgment entered against him on Rodriguez's claims. See Delgado-Caraballo v. Hosp. Pavía Hato Rey, Inc., 889 F.3d 30, 39 n.15 (1st Cir. 2018) (describing the cross-appeal rule). Nor can Harrison challenge his Massachusetts state convictions in this civil suit.

The district court's grant of summary judgment to BPS on Rodriguez's § 1983 claim is affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Simon B. Mann
John Titus Martin
Michaela M. Weaver
Edward F. Whitesell Jr.
Adam N. Cederbaum
Nicole Marie O'Connor
Shaun O. Harrison